**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT
9                    NORTHERN DISTRICT OF CALIFORNIA
10
11  PENSION PLAN,                              No. C-12-04738 DMR
12              Plaintiff(s),                  **ORDER GRANTING DEFENDANTS'**
                                               **COUNSEL'S MOTION TO WITHDRAW**
13      v.                                     **[DOCKET NO. 63]**
14  YUBACON INC,
15              Defendant(s).
    _____/
16
17          On February 10, 2014, Salamirad Morrow P.C. ("Salamirad Morrow") moved to withdraw as
18  counsel for Defendants AM Pacific Engineering and MV2 Energy, Inc. (collectively, "Defendants").
19  [Docket Nos. 62, 63.]  In compliance with Civil Local Rule 11-5(a), Salamirad Morrow served
20  written notice of this motion on Defendants and all other parties on February 10, 2014.  [Docket No.
21  62-4.]  Defendants do not oppose the motion but request a 90 day continuance of all deadlines in this
22  case so that they may obtain counsel.  Plaintiffs did not file an opposition to the motion.  The court
23  finds this matter suitable for determination without oral argument pursuant to Civil Local Rule 7-
24  1(b) and hereby vacates the hearing set for March 27, 2014.  For the following reasons, the court
25  grants Salamirad Morrow's motion to withdraw and stays all deadlines in this case for 30 days.
26                              **I.  Background**
27          Salamirad Morrow represents Defendants AM Pacific Engineering and MV2 Energy, Inc. in
28  this Employment Retirement Income and Security Act of 1974 ("ERISA") case brought by Plaintiffs

**United States District Court**
For the Northern District of California

1  Pension Plan for Pension Trust Fund for Operating Engineers, et al.  Salamirad Morrow moves to

2  withdraw as Defendants' counsel on two grounds: 1) Defendants are no longer paying the firm to

3  represent them in this litigation; and 2) Defendants' president and part-owner, Michael Murray, has

4  instructed the firm to stop representing Defendants in this matter.  (Salamirad Decl., Feb. 12, 2014, ¶

5  3.)  Salamirad Morrow asserts that Defendants owe over $20,000 in legal fees, and that despite

6  promising to pay the firm, Murray has recently informed Salamirad Morrow that it is unable to pay

7  any of its outstanding bills.  (Salamirad Decl. ¶¶ 3, 5.)  The firm informed Murray that it would

8  move to withdraw as counsel for Defendants on January 24, 2014, (Salamirad Decl. ¶ 3), and again

9  on February 7, 2014, when counsel sent a letter to Murray notifying him of the firm's intent to

10 withdraw and explaining that Defendants would not be permitted to appear in this case without an

11 attorney.  (Stepans Decl., Feb. 12, 2014, ¶ 4.)

12      On March 7, 2014, the court ordered the parties to submit supplemental briefing regarding

13 the motion to withdraw.  [Docket No. 67.]  Specifically, the court ordered the parties to address the

14 ramifications of permitting counsel to withdraw so close to the June 23, 2014 trial in this matter, and

15 to address the fact that Defendants, who are not natural persons, may only appear in this Court

16 through counsel.  *See* N.D. Cal. Civ. L.R. 3-9(b).  Salamirad Morrow timely filed the requested

17 briefing on March 17, 2014.[1]  [Docket No. 69.]  In connection with its supplemental briefing,

18 Salamirad Morrow submitted a declaration by Murray in which he requests a 90-day continuance of

19 all deadlines in this matter so that he may find counsel to represent Defendants in this action, or in

20 the alternative, to represent Defendants in bankruptcy.  (Murray Decl., Mar. 17, 2014, ¶ 2.)

21                                    **II.  Legal Standard**

22      Civil Local Rule 11-5(a) provides that an attorney may withdraw as counsel of record so

23 long as counsel 1) provides written notice to the client and all other parties in the action and 2)

24 obtains leave of the court.  N.D. Cal. Civ. L.R. 11-5(a); *Darby v. City of Torrance*, 810 F. Supp. 275,

25 276 (C.D. Cal. 1992) ("[a]n attorney may not withdraw as counsel except by leave of court.").

26 Permission to withdraw is discretionary.  *See U.S. v. Carter*, 560 F.3d 1107, 1113 (9th Cir. 2009).

27 _____

28          [1] Plaintiffs did not file a response to the court's order for supplemental briefing.

2

United States District Court

For the Northern District of California

Civil Local Rule 11-4(a)(1) requires attorneys practicing in this Court to "comply with the standards of professional conduct required of members of the State Bar of California."  California Rule of Professional Conduct 3-700 sets forth several grounds under which an attorney may seek to withdraw, including if the client "breaches an agreement or obligation to [its counsel] as to expenses or fees."  Cal. R. Prof. Conduct 3-700(C)(1)(f).  An attorney may also request withdrawal on the basis of "other conduct [that] renders it unreasonably difficult for the member to carry out the employment effectively."  Cal. R. Prof. Conduct 3-700(C)(1)(d).  Before withdrawing for any reason, an attorney must take "reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, including giving due notice to the client, allowing time for employment of other counsel, complying with rule 3-700(D)[2], and complying with applicable laws and rules."  Cal. R. Prof. Conduct 3-700(A)(2).

### III.  Analysis

Salamirad Morrow represents that Defendants are no longer paying their legal bills, and that Murray has informed the firm that Defendants are unable to pay anything to the firm.  (Salamirad Decl. ¶ 5.)  Courts in similar circumstances have held that failure or inability to pay for legal services constitutes good cause for withdrawal.  *See, e.g., Orange Cnty. Elec. Indus. Health & Welfare Trust Fund v. Moore Elec. Contracting*, No. 11-CV-00942-LHK, 2011 WL 2940311, at *2 (N.D. Cal. July 20, 2011); *j2 Global Commc'ns, Inc. v. Blue Jay, Inc.*, No. C 08-4254 PJH, 2009 WL 464768, at *2 (N.D. Cal. Feb. 24, 2009).  Further, Defendants' principal has instructed the firm to stop representing Defendants in this matter, (Salamirad Decl. ¶ 3), thus rendering it "unreasonably difficult" for Salamirad Morrow to "carry out the employment effectively."  *See* Cal. R. Prof. Conduct 3-700(C)(1)(d).  Salamirad Morrow provided timely notice of the motion to withdraw to Defendants, and Defendants do not object, but instead seek a continuance so that they may obtain counsel.

---

[2] Rule 3-700(c) provides that an attorney whose employment has "terminated" shall " release to the client, at the request of the client, all the client papers and property" and "[p]romptly refund any part of a fee paid in advance that has not been earned."

United States District Court
For the Northern District of California

On this record, the court finds good cause to allow Salamirad Morrow to withdraw as Defendants' counsel.  The motion is granted on the condition that Salamirad Morrow continue to serve on Defendants all papers from Plaintiffs and the court until Defendants file substitutions of counsel as provided by Civil Local Rule 11-5(b).  Given that Defendants have been on notice since at least February 7, 2014 that they may only appear in this case through an attorney, (*see* Stepans Decl, ¶ 4), Defendants' request for a 90 day continuance is denied.  The court continues all deadlines in this case, including Defendants' March 20, 2014 deadline to file an opposition to Plaintiffs' pending motion for summary judgment, by 30 days to allow Defendants to obtain new counsel.  *See* N.D. Civ. L.R. 3-9(b) ("A corporation, unincorporated association, partnership or other such entity may appear only through a member of the bar of this Court.").  Defendants shall file substitutions of counsel by **no later than April 18, 2014.**  Defendants' opposition to the motion for summary judgment, along with a joint statement of undisputed facts (*see* Docket No. 68), is due by May 2, 2014.  Any reply is due by May 9, 2014.  The court will conduct a hearing on the motion for summary judgment on **May 22, 2014 at 11:00 a.m.**

If Defendants do not obtain new counsel by April 18, 2014, the court may order Defendants' Answers stricken.

### IV.  Conclusion

For the foregoing reasons, Salamirad Morrow's motion to withdraw as counsel for Defendants is granted.  Defendants shall file substitutions of counsel by April 18, 2014.

IT IS SO ORDERED.

Dated:  March 18, 2014



DONNA M. RYU
United States Magistrate Judge

4